**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KENDALL JONES,** | : | **CIVIL NO. 1:15-CV-1442** |
| | : | |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **LAUREL HARRY, JENNIFER** | : | |
| **DIGBY, JOHN WITZEL,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM

On July 27, 2015, plaintiff Kendall Jones ("Jones"), an inmate currently confined at the State Correctional Institution in Camp Hill, Pennsylvania, ("SCI-Camp Hill"), filed this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he filed the complaint, Jones filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). An initial screening of the complaint has been conducted, and for the reasons set forth below, the motion to proceed *in forma pauperis* will be granted, and Jones will be directed to file a properly supported amended complaint.

## I.    Screening Provisions of the Prison Litigation Reform Act

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996), authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental

employee or entity.  See 28 U.S.C. § 1915(e)(2),[1] 28 U.S.C. § 1915A.[2]  The Court is

required to identify cognizable claims and to *sua sponte* dismiss any claim that is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §

1915(e)(2)(B), 28 U.S.C. § 1915A(b).  This initial screening is to be done as soon as

practicable and need not await service of process.  See 28 U.S.C. § 1915A(a).

## II.  **Discussion**

In order to state a viable § 1983 claim, a plaintiff must plead two essential

elements: (1) that the conduct complained of was committed by a person acting

under color of state law, and (2) that said conduct deprived the plaintiff of a right,

privilege, or immunity secured by the Constitution or laws of the United States.

Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain

---

[1] Section 1915(e)(2) of Title 28 of the United States Code provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been
paid, the court shall dismiss the case at any time if the court determines that-
-
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal --
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune
        from such relief.

[2] Section 1915A(b) of Title 28 of the United States Code provides:

(b) On review, the court shall identify cognizable claims or dismiss the
complaint, or any portion of the complaint, if the complaint--
    (1) is frivolous, malicious, or fails to state a claim upon which relief may
    be granted; or
    (2) seeks monetary relief from a defendant who is immune from such
    relief.

v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).  "To establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant."  Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.), citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

The instant complaint names the following defendants: Laurel Harry, Jennifer Digby, and John Witzel.  (Doc. 1, p. 2).  Jones alleges violations of his Eighth Amendment rights.  (Doc. 1).  However, he fails to set forth any facts in support of his claim, and fails to set forth any dates as to when these violations allegedly occurred.  Jones simply states that he was "mistreat[ed]".  (Id. at p. 3).  He fails to identify the individuals who allegedly mistreated him, and fails to allege any personal involvement by the named defendants.  If Jones seeks to obtain relief from the individuals referenced in the complaint, he must allege additional facts showing that all defendants were personally involved in the alleged violations of his rights. See Cross v. Losinger, 2007 WL 954313, *1 (M.D. Pa. 2007) (Nealon, J.) (citing Rizzo v. Goode, 423 U.S. 362 (1976) ("[E]ach named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim."); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976)).

While Jones will be granted an opportunity to file an amended complaint, he is strictly cautioned that the allegations in the amended complaint "should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185 (M.D. Pa. 1992).

## III.   Conclusion

Given Jones' *pro se* status, he will be afforded an opportunity to file an amended complaint to sufficiently state a claim for relief. Failure to file a properly supported amended complaint will result in dismissal of this action without further notice of court.

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:      August 10, 2015